

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00322-CR

**JOHN ALLAN LEWIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2009-552-C2**

## MEMORANDUM  OPINION

A jury found John Allan Lewis guilty of felony driving while intoxicated, *see* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b) (Vernon 2011), and assessed his punishment, enhanced by a previous felony conviction, at sixteen years' imprisonment and a $10,000 fine.  This appeal ensued.  We will affirm.

In his first issue, Lewis contends that the trial court erred in giving the parole law instruction required by article 37.07, section 4(a) of the Code of Criminal Procedure in the punishment charge.  Lewis complains that the instruction language concerning

"good conduct time" is misleading because it improperly implies that a person may be released from prison early without any parole solely due to accruing good conduct time.

Because Lewis did not object to the charge on this basis, error will not result in reversal of his conviction in the absence of "egregioius harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

There is a presumption that the jury followed the charge's instructions. *See Luquis v. State*, 72 S.W.3d 355, 366 (Tex. Crim. App. 2002); *Hooper v. State*, 255 S.W.3d 262, 271 (Tex. App.—Waco 2008, pet. ref'd). Thus, we presume that the jury followed the trial court's instructions and did not consider parole: "However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular Defendant. You are not to consider the manner in which the parole law may be applied to this particular Defendant." *See Hooper*, 255 S.W.3d at 271. Absent evidence or indications to the contrary, this presumption prevails. *Id.* at 271-72.

Lewis has not demonstrated a reasonable likelihood that the jury was, in fact, misled or that it assessed a higher sentence based upon any misconstruction of the parole law charge. Nothing in the record suggests that the jury discussed, considered or tried to apply (despite the judicial admonition *not* to apply) what they were told about good conduct time and parole. Neither the prosecutor nor defense attorney discussed good conduct time or parole in argument or urged the jury to assess a greater (or lesser) sentence based upon good conduct time or parole. The jury did not send out any notes indicating or expressing confusion about the possible application of good conduct time or parole to Lewis. The jury did not assess the maximum sentence for the offense. *See Luquis*, 72 S.W.3d at 366-68; *Hooper*, 255 S.W.3d at 272.

Thus, assuming without deciding that the trial court erred, we conclude that any alleged error did not result in egregious harm. We overrule Lewis's first issue.

In his second issue, Lewis contends that the trial court erred by instructing the jurors in the punishment charge that they should not let "sympathy" affect their deliberations or verdict. We have previously decided this issue against Lewis's position and see no occasion to revisit our ruling. *See Wilson v. State*, 267 S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref'd) (citing *Saffle v. Parks*, 494 U.S. 484, 489, 110 S.Ct. 1257, 1260-61, 108 L.Ed.2d 415 (1990) (holding that jurors need not "be allowed to base the sentencing decision upon the sympathy they feel for the defendant after hearing his mitigating evidence")). We overrule Lewis's second issue.

In his third issue, Lewis contends that the trial court erred by refusing to grant a mistrial after the prosecutor improperly commented on Lewis's failure to testify during the State's closing argument in the punishment phase of trial. The argument at issue is:

> [PROSECUTOR]: He's lucky that this isn't his second DWI felony. The third offense can be a felony. This is his fourth offense. He's lucky the last time his last third offense was not a felony. He was able -- he got a break there. He got a break in that he got three misdemeanors. Now -- now it's time. Now he's got to answer for this, ladies and gentlemen. He's shown absolutely no acceptance of responsibility here. He's absolutely shown no remorse.
>
> [DEFENSE COUNSEL]: Your Honor, we'd object to that. It's commenting on his not testifying in this trial, Judge.
>
> THE COURT: Sustained.
>
> [DEFENSE COUNSEL]: We'd ask that the jury disregard that last comment.
>
> THE COURT: I'll instruct the jury to disregard the last comment of counsel and not to consider it for any purpose in reaching a verdict in this matter.
>
> [DEFENSE COUNSEL]: And we'd move for a mistrial, Judge.
>
> THE COURT: That's denied.
>
> [DEFENSE COUNSEL]: Thank you, Your Honor.

Jury argument is limited to: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to argument of opposing counsel; and (4) a plea for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999). "A comment on an accused's failure to testify violates the accused's state and federal constitutional privileges against self-incrimination." *Smith v. State*, 65 S.W.3d 332, 339

(Tex. App.—Waco 2001, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005).

The State argues that the prosecutor's statements cannot be fairly read to be a comment on Lewis's failure to testify; however, we will assume without deciding that the prosecutor improperly commented on Lewis's failure to testify and will proceed to a mistrial analysis.

> The denial of a motion for mistrial, which is appropriate for "highly prejudicial and incurable errors," is reviewed under an abuse of discretion standard. *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)); *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).
>
> > [T]he question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis. A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." In effect, the trial court conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone. Of course, the harm analysis is conducted in light of the trial court's curative instruction. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.
>
> *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Thus, the appropriate test for evaluating whether the trial court abused its discretion in overruling a motion for mistrial is a tailored version of the test originally set out in *Mosley v. State*, 983 S.W.2d 249, 259-60 (Tex. Crim. App. 1998), a harm analysis case. *See Hawkins*, 135 S.W.3d at 77. The *Mosley* factors that we consider in determining whether the trial court abused its discretion in denying a mistrial during the punishment phase are: (1) the prejudicial effect, (2) curative measures, and (3) the likelihood of the same punishment being assessed. *Hawkins*, 135 S.W.3d at 77; *see Mosley*, 983 S.W.2d at 259.

*Abbott v. State*, 196 S.W.3d 334, 347 (Tex. App.—Waco 2006, pet. ref'd).

Considering the *Mosley* factors, we cannot say that the trial court abused its discretion in denying the motion for mistrial. Any prejudicial effect of the prosecutor's remark was not incurable because the comment was indirect and not flagrantly improper. The trial court's instruction to disregard was the proper curative measure in this instance, *see Wesbrook v. State*, 29 S.W.3d 103, 115-16 (Tex. Crim. App. 2000), and the law generally presumes that instructions to disregard and other cautionary instructions will be duly obeyed by the jury. *Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011). Finally, Lewis was facing a sentence of twenty years' imprisonment and a $10,000 fine for this felony DWI. Punishment evidence included Lewis's numerous prior convictions: a felony conviction for possession of a controlled substance (methamphetamine) and three misdemeanor convictions for DWI. The likelihood of the same punishment being assessed without the State's comment is very high. *See Hawkins*, 135 S.W.3d at 85. We overrule Lewis's third issue.

Having overruled all Lewis's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2011
Do not publish
[CR25]